**MORGAN & MORGAN, P.A.**
Andrew Parker Felix, Esq. (SBN 276002)
11111 Santa Monica Blvd., #430
Los Angeles, CA 90025
Telephone:  (323) 825-3424
Facsimile:   (407) 245-3334
andrew@forthepeople.com

Andrew Ross Frisch, Esq.
*Pro hac vice*
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile:  (954) 327-3013
afrisch@forthepeople.com

C. Ryan Morgan
*Pro hac vice*
Florida Bar No. 15527
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 418-2069
Facsimile: (407) 245-3401
rmorgan@forthepeople.com
Attorneys for Villapando and the Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLAPANDO, on behalf of himself and all others similarly situated, ) | CASE NO.: |
| ) | |
| Plaintiff, ) | **COLLECTIVE/CLASS ACTION COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| BANAMEX USA BANCORP, and SLATE PROFESSIONAL RESOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## SUMMARY

1.     BANAMEX USA BANCORP. ("Banamex") has its origins and is the owner of the Banco Nacional de México or Citibanamex. It is the second largest

1  bank in Mexico. The Banamex Financial Group was purchased by Citigroup in
2  August 2001 for $12.5 billion USD. It continues to operate as a Citigroup
3  subsidiary.

4      2.    SLATE PROFESSIONAL RESOURCES, INC. ("Slate") "offers
5  contract and direct-hire staffing services for the Accounting Finance and IT
6  community. *See* http://www.slateprofessional.com/about/.

7      3.    Here, Slate provided numerous "Analysts" and other similarly situated
8  anti-money laundering type analysts (collectively "AMLs") to Banamex.

9      4.    Slate handled several administrative aspects of the workers'
10 employment, while Banamex - among other things - directed and controlled their
11 day to day job duties, controlled their hours of work, and effectively maintained the
12 right to hire and fire these workers.

13     5.    Banamex and Slate (collectively, "Defendants") jointly employ these
14 workers.

15     6.    Defendants failed to pay their joint employees, including ROBERT
16 VILLAPANDO ("Villapando"), overtime as required by state and federal law.

17     7.    Instead, Defendants paid these workers the same hourly rate for all
18 hours worked, including those in excess of forty (40) in a workweek.

19     8.    Villapando brings this collective and representative action to recover
20 the unpaid overtime and other damages owed to him, and other similarly situated
21 workers, under state and federal law.

22                          **Jurisdiction and Venue**

23     9.    This Court has original subject matter jurisdiction over Villapando's
24 Fair Labor Standards Act (FLSA) claim pursuant to 28 U.S.C. § 1331 and 29
25 U.S.C. § 216(b). The Court has supplemental jurisdiction over Villapando's state
26 law claims because these claims for unpaid wages and related damages arise from
27 the same practices and policies as the federal claims. 28 U.S.C. § 1367.

28

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District and Division. Villapando worked for Defendants in this District and Division and Defendants have offices in this District and Division.

## The Parties

11.     Villapando was an hourly employee of Defendants.

12.     Villapando was employed by Defendants from January 2015 to December 2016.

13.     Banamex is a California corporation, with its corporate headquarters located at 811 Willshire Boulevard, Suite 1200, Los Angeles California.

14.     Slate is a Delaware corporation with its principle place of business in Freehold, New Jersey.

15.     Here, Defendants employed numerous "Analysts" and other similarly situated anti-money laundering employees (collectively "AMLs") throughout the relevant time period.

16.     Defendants failed to pay their employees, including Villapando overtime as required by state and federal law.

17.     Instead, Defendants paid these workers the same hourly rate for all hours worked, including those in excess of forty (40) in a workweek. Villapando brings this collective and representative PAGA action to recover the unpaid overtime and other damages owed to him, and other similarly situated workers, under state and federal law.

## Jurisdiction and Venue

18.     This Court has original subject matter jurisdiction over Villapando's Fair Labor Standards Act (FLSA) claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Villapando's state law claims because these claims for unpaid wages and related damages arise from

the same practices and policies as the federal claims. 28 U.S.C. § 1367.

19.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District and Division. Villapando worked for Defendants in this District and Division and Defendants have offices in this District and Division.

**The Facts**

20.    Slate is a staffing company that provided skilled personnel for its clients (such as Banamex) in a range of services in the United States.

21.    Slate classified these workers as independent contractors and paid them their regular hourly rate for all hours worked.

22.    Slate located, interviewed, hired, maintained employment records on, and also supervised performance of the workers. Slate retained the right to terminate these workers at any time, with or without cause, and without prior notice.

23.    At all times relevant hereto, Banamex was one of Slate's clients.

24.    Banamex contracted with Slate to obtain workers.

25.    When Slate placed these workers with Banamex, the Banamex office served as the workers' worksite.

26.    Banamex supervises the workers Slate supplied to it.

27.    Banamex controlled the work schedules of the workers Slate supplied to it.

28.    Banamex kept records of the hours worked by the workers Slate supplied to it.

29.    Banamex approved the timesheets of the workers Slate supplies to Banamex.

30.    Banamex had the right to terminate the employment of the employees Slate supplied to it.

31.    Banamex maintained employment records with respect to the workers Slate supplied to it.

32.    Based on information and belief, the rates of pay Banamex paid to Slate for the workers were the same for all hours worked.

33.    Villapando started working for Slate and Banamex in January 2015.

34.    During his employment with Slate, Banamex was Villapando's work site.

35.    During his employment, Villapando used a Banamex e-mail address.

36.    Banamex employed Villapando within the meaning of the FLSA and the California Labor Code.

37.    Defendants paid Villapando by the hour.

38.    Villapando was paid approximately $45-60 per hour.

39.    Slate, after Banamex's supervisor approved the timesheet, paid Villapando the same hourly rate for all hours worked on his timesheet, including overtime hours.

40.    Because he was paid by the hour, Villapando recorded the hours he worked.

41.    Villapando recorded his time in Banamex's timekeeping system.

42.    Banamex approved Villapando's timesheets each pay period.

43.    Villapando reported the hours he worked to Slate on a regular basis.

44.    Defendants maintained accurate records of the hours Villapando worked.

45.    These records demonstrate that Villapando regularly worked more than 8 hours in a day and 40 hours a week. He often worked more than 12 hours in a single day, and sometimes worked 7 days a week.

46.    Slate's records reflect the wages it paid to Villapando.

47.    And despite knowing Villapando regularly worked more than 8 hours

1  (and often 12 hours) in a day, and more than 40 hours in a week, Defendants never

2  paid Villapando overtime.

3       48.    Instead, Slate paid Villapando the same hourly rate for all hours

4  worked, including those in excess of 8 (and 12) in a day, as well as those in excess

5  of 40 in a workweek.

6       49.    This "straight time for overtime" scheme violates state and federal law

7  requiring overtime pay equal at least 1.5 times the worker's regular rate. 29 U.S.C.

8  § 207(a); Cal. Labor Code § 510. It also violates California's requirement that

9  hours worked in excess of 12 in a day, or after 8 on the 7th consecutive day of work,

10 be paid at double time. Cal. Labor Code § 510.  It also violates California's Labor

11 Code Private Attorneys General Act of 2004.  Cal. Labor Code § 2699.

12      50.    Defendants knew state and federal law required overtime pay to

13 hourly workers like Villapando.

**Collective Action Allegations**

15      51.    Villapando incorporates the preceding paragraphs by reference.

16      52.    Defendants' illegal "straight time for overtime" policy extended well

17 beyond Villapando.

18      53.    Many other hourly workers jointly employed by Defendants were paid

19 according to the same unlawful scheme.

20      54.    These workers are similarly situated to Villapando. They were all paid

21 by the hour, but received only received straight time for hours worked in excess of

22 40 in a week.

23      55.    Because the workers were subject to the same "straight time for

24 overtime" scheme as Villapando, they are entitled to overtime under the FLSA for

25 the same reasons as Villapando.

26      56. The employees impacted by the unlawful "straight time for overtime"

27 policy should be notified and given the chance to join this action pursuant to 29

28

6

U.S.C. § 216(b). This "FLSA Class" is properly defined as:

**All individuals who worked as AMLs for Defendants from April 2016 to the present.**

### Class Allegations

57.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

58.    Plaintiff brings his California state law claims on behalf of all persons who were employed by Defendants at any time since April, 2015, to the entry of judgment in this case (the "Class Period"), who were AML employees and have not been paid for hours actually worked as well as overtime wages as required in violation of California law (the "Class").

59.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.

60.    Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

61.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court

against corporate defendants.

62.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

64.    Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

65.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    whether the Defendants employed the members of the Class within the meaning of California law;

    b.    whether the Defendants failed to keep true and accurate time records for all  hours worked by Plaintiff and members of the Class;

    c.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d.    whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of eight hours per day and/or forty hours per workweek within the meaning of California law;

e.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

f.  whether the Defendants should be enjoined from such violations of the California labor law in the future.

**First Cause of Action—Failure to Pay Overtime (FLSA)**

66.    Villapando incorporates the preceding paragraphs by reference.

67.    Defendants violated the FLSA by employing Villapando and the FLSA Class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without paying overtime at rates no less than 1 and 1/2 the regular rates for which they were employed.

68.    Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Villapando and all those similarly situated overtime compensation.

69.    Each Defendant's decision to deny Villapando and the FLSA Class overtime was neither reasonable, nor made in good faith.

70.    Accordingly, Villapando and the FLSA Class are entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

**Second Cause of Action—Failure to Pay Overtime**
**(California Labor Code § 510)**

71.    Defendants treated Villapando and other similarly situated workers as exempt from the applicable state and federal overtime laws and denied them overtime wages.

72.    Defendants suffered or permitted Villapando and other similarly situated workers to work more than 8 and/or 12 hour in a day, and/or 40 hours in a

week, in California, without paying them overtime as required by the California Labor Code.

73.     By failing to pay overtime to Villapando and other similarly situated workers, Defendants violated the California Labor Code and the provisions of the applicable I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

74.     As a result of Defendants' unlawful acts, Villapando and other similarly situated workers have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### Third Cause of Action— Failure To Pay Final Wages

75.     California Labor Code § 201 requires an employer who discharges an employee to pay all unpaid wages owed to that employee immediately.

76.     California Labor Code § 202 requires an employer to pay all wages owed to an employee within 72 hours of that employee's resignation.

77.     Under California Labor Code § 203, an employer willfully failing to pay all wages due upon separation from employment is liable for continued wages for each day payment in full is not made, up to 30 days.

78.     Defendants willfully failed to timely pay wages, including overtime, owed to Villapando and other similarly situated workers after their employment terminated.

79.     As a result, Defendants are liable to Villapando and other similarly situated workers for 30 days additional wages.

### Prayer for Relief

WHEREFORE, Villapando, on behalf of himself and other similarly situated and aggrieved employees, prays for relief as follows:

1.    Conditional certification of this case as a collective action;

2.    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

3.    Class certification of the California state law claims pursuant to Fed. R. Civ. Proc. 23;

4.    Judgment finding Villapando and those similarly situated to be non-exempt employees under the FLSA;

5.    Judgment finding Defendants violated the overtime provisions of the FLSA;

6.    Judgment finding Defendants' violations of the FLSA were willful;

7.    Judgment awarding all unpaid overtime wages owed under the FLSA;

8.    Judgment awarding an amount equal all unpaid wages as liquidated damages;

9.    Judgment awarding reasonable attorney's fees and costs;

10.   Judgment awarding pre- and post-judgment interest at the highest rates allowed by law;

11.   Judgment awarding all unpaid overtime wages, other due wages, civil penalties, and injunctive relief under California law;

12.   Judgment awarding appropriate equitable relief to remedy Defendants' violations of law;

13.   Judgment awarding appropriate statutory penalties;

14.   Judgment awarding all damages, liquidated damages, and restitution shown to be owed by Defendants;

15.   Judgment awarding attorneys' fees and costs of suit, including any expert fees pursuant to Cal. Labor §§ 1194 & Cal. Code of Civil

Procedure § 1021.5;

16.    Judgment awarding pre- and post-judgment interest at the highest rates allowed by law; and

17.    Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just.

Plaintiff demands trial by jury on all issues so triable.

Dated:   June 13, 2019                                    **MORGAN & MORGAN, P.A.**

By:*/s/ Andrew P. Felix*
Andrew P. Felix
***Attorney for Plaintiff***