UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION OF DEFENDANT SLATE PROFESSIONAL RESOURCES, INC. TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) (DKT. 42);

NOTICE OF MOTION AND MOTION OF DEFENDANT SLATE PROFESSIONAL RESOURCES, INC. FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 43)

**I.    Introduction**

Robert Villapando brought this putative class-action against Banamex USA Bancorp ("Bancorp") and Slate Professional Resources, Inc. ("Slate") based on alleged failures to make required payments to certain employees. Dkt. 1 (the "Complaint"). The First Amended Complaint (the "FAC") removed Bancorp as a Defendant, maintained Slate as a defendant, and added BUSA Servicing, Inc. ("Banamex") and Global Atlantic Partners LLC ("GAP") as defendants. Dkt. 34.[1] The FAC advances three causes of actions against Defendants: (i) failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) failure to pay overtime under the Cal. Lab. Code § 510 and related wage order; and (iii) failure to pay final wages under the Cal. Lab. Code §§ 201, 202, 203. *Id.* ¶¶ 70-87.

On August 27, 2019, Slate filed two motions. First, a "Motion of Defendant Slate Professional Resources, Inc. to Dismiss Complaint Pursuant to Federal Rule of Procedure 12(b)(6)" (the "Motion to Dismiss"). Dkt. 42. Plaintiff filed an opposition (the "MTD Opposition"). Dkt. 45. Slate filed a reply (the "MTD Reply"). Dkt. 48. Second, a "Motion of Defendant Slate Professional Resources, Inc. for Summary Judgment on Plaintiff's First Amended Complaint" (the "MSJ"). Dkt. 43. Slate filed a request for judicial notice in support of the MSJ. Dkt. 43-7. Plaintiff filed an opposition to the MSJ (the "MSJ Opposition"). Dkt. 47. Slate filed a reply (the "MSJ Reply"). Dkt. 49. With the Reply, Slate filed evidentiary objections to a declaration filed in support of the Opposition. Dkt. 49-3.

---

[1] GAP was dismissed as a defendant on October 30, 2019. Dkt. 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

A hearing on the Motion was conducted on December 16, 2019 and the matter was taken under submission. Dkt. 66.

For the reasons stated in this Order, the Motion to Dismiss is **GRANTED-IN-PART**, the MSJ is **DENIED** and Slate's request for judicial notice is **GRANTED**.

**II.     Motion to Dismiss**

     A.     Factual and Procedural Background

          1.     The Parties

The FAC alleges that Plaintiff is a former hourly employee of Defendants, who worked for them from January 2015 to December 2016. Dkt. 34 ¶¶ 12-13. Banamex is the alleged owner of the "Banco Nacional de Mexico or Citibanamex." *Id.* ¶ 1. It is alleged that it is the "second largest bank in Mexico" and operates as a subsidiary of Citigroup. *Id.* The FAC alleges that Banamex is a California corporation whose principal place of business is in Los Angeles. *Id.* ¶ 14.

It is alleged that Slate is a staffing agency that offers "contract and direct-hire staffing services for the Accounting Finance and IT community." Dkt. 34 ¶ 2. The FAC alleges that Slate is a Delaware corporation whose principal place of business is in New Jersey. *Id.* ¶ 15.

GAP allegedly offers "consulting and outsourcing services for internal audit, risk management, bank compliance and other operational services." Dkt. 34 ¶ 3. The FAC alleges that GAP is a Massachusetts LLC whose principal place of business is there. *Id.* ¶ 16. The FAC alleges that Slate and GAP provided certain analysts and "other similarly situated anti-money laundering type analysts (collectively "AMLs") to Banamex." *Id.* ¶ 4.

          2.     Substantive Allegations in the Complaint

               a)     Factual Allegations

The FAC alleges that Banamex contracted with GAP to obtain workers. Dkt. 34 ¶ 27. In turn, GAP contracted with Slate to obtain workers. *Id.* ¶ 28. The FAC alleges that Plaintiff began his employment with Defendants in January 2015 and primarily worked on-site at Banamex. *Id.* ¶¶ 37-38. As noted, it is alleged that Plaintiff's employment ended in December 2016. *Id.* ¶ 13.

The FAC alleges that Slate and GAP misclassified their workers as independent contractors and paid them at a regular hourly rate. Dkt. 34 ¶¶ 22-23. Slate and GAP are alleged to have interviewed, hired and supervised the workers, which included a right to terminate workers without cause or notice. *Id.* ¶¶ 24-25. The FAC alleges that Banamex supervised the workers provided by GAP and Slate. *Id.* ¶ 30. This included work schedules, time-keeping, employment records and termination. *Id.* ¶¶ 31-35.

The FAC alleges that Plaintiff was paid by the hour, that Banamex supervisors approved the timesheet, and "Slate and/or GAP" paid Plaintiff. Dkt. 34 ¶¶ 41-43. The FAC alleges that Plaintiff recorded hours in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

Banamex's timekeeping system, Banamex approved those hours for each pay period, and those hours were then reported to Slate. *Id.* ¶¶ 44-47.

The FAC alleges that Plaintiff's timesheets reflect that Plaintiff regularly worked more than eight hours per day and more than 40 hours per week. Dkt. 34 ¶ 49. Plaintiff is alleged to have "often worked more than 12 hours in a single day, and sometimes worked 7 days a week." *Id.*

The FAC alleges that Slate's records reflect the wages paid to Plaintiff and that, "despite knowing Villapando regularly worked more than 8 hours (and often 12 hours) in a day, and more than 40 hours in a week, Defendants never paid Villapando overtime." *Id.* ¶¶ 50-51. Instead, the FAC alleges that Defendants paid the "same hourly rate for all hours worked." *Id.* ¶ 52.

The FAC alleges that a "straight time for overtime" payment of wages violates "state and federal law requiring overtime pay equal [to] at least 1.5 times the worker's regular rate." Dkt. 34 ¶ 53 (citing 29 U.S.C. § 207(a); Cal. Labor Code § 510). The FAC alleges that Defendants "knew state and federal law required overtime pay to hourly workers like Villapando." *Id.* ¶ 54.

      b)      Causes of Action

            (1)      <u>FLSA Cause of Action -- 29 U.S.C. § 207(a)</u>

The FAC alleges that Defendants violated the FLSA by failing to pay overtime rates for time that required them to be paid. Dkt. 34 ¶¶ 70-72. The FAC alleges that "Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Villapando and all those similarly situated overtime compensation." *Id.* ¶ 72. The FAC alleges that Defendants are "sophisticated multi-million dollar businesses" that are "well aware of their obligations under the FLSA" *Id.* ¶ 74. The FAC alleges that, despite this knowledge, Defendants paid Plaintiff a "straight time" rate instead of an overtime rate. *Id.* ¶ 75. Thus, the FAC alleges that "Defendants knew or should have known that paying Villapando and all those similarly situated to him 'straight time' rather than time and one half was in violation of the FLSA, and paid him 'straight time' nonetheless." *Id.* ¶ 76.

            (2)      <u>California Labor Code § 510 and Related Wage Orders</u>

The FAC alleges that, in violation of Cal. Lab. Code § 510, Defendants failed to pay an overtime rate of pay for Plaintiff's work that required it, and instead paid the same hourly rate for overtime and regular hours worked. Dkt. 34 ¶¶ 79-82. The FAC alleges violations of § 510 as well as "the provisions of the applicable I.W.C. Wage Order." *Id.* ¶ 81.

            (3)      <u>California Labor Code §§ 201-203</u>

The FAC alleges that Defendants violated Cal. Lab. Code §§ 201-203 by willfully failing to pay timely wages to Plaintiff, including overtime wages, after the termination of his employment. Dkt. 34 ¶¶ 83-87.

     3.      <u>Procedural Background</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

The Complaint was filed on June 13, 2019. Dkt. 1. The Complaint named Bancorp and Slate as defendants. *Id.* at 1. Before any defendant responded to the Complaint, Plaintiff filed the FAC on August 2, 2019. Dkt. 34. Banamex filed an answer. Dkt. 37. Slate filed the Motion to Dismiss on August 27, 2019. Slate also filed its MSJ on August 27, 2019. On October 30, 2019, a Plaintiff filed a stipulation that called for the dismissal of GAP without prejudice. Dkt. 50.

    B.    Analysis

        1.    <u>Motion to Dismiss</u>

            a)    Legal Standards

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." Id. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 556-57).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

            b)    Application

The Motion to Dismiss challenges the FLSA claims based on the statute of limitations provided by 29 U.S.C. § 255. For actions commenced under FLSA for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, a default two-year statute of limitations applies, but a three-year statute of limitations applies for causes of action "arising out of a willful violation." 29 U.S.C. § 255. For claims under 29 U.S.C. § 255, "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." (quoting Fed. R. Civ. P. 9(b)). Courts within the Ninth Circuit generally decline to dismiss allegations of willfulness under FLSA similar to those presented here. *See, e.g., Ferguson v. Smith*, No. 3:18-CV-00372-SB, 2018 WL 3733665, at *8 (D. Or. July 18, 2018), *report and recommendation adopted*, No. 3:18-CV-0372-SB,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

2018 WL 3732657 (D. Or. Aug. 6, 2018) (citing *Rivera*, 735 F.3d at 903); *Pellegrini v. Huyssen, Inc.*, No. 3:17-CV-00135-CAB-JMA, 2017 WL 2908794, at *9 (S.D. Cal. July 7, 2017) (same); *Joseph v. Serv. Employees Int'l Union*, No. 16-CV-01644-EMC, 2016 WL 4073354, at *5 (N.D. Cal. Aug. 1, 2016) (same); *Korndobler v. DNC Parks & Resorts at Sequoia*, No. 1:15-CV-00459 LJO, 2015 WL 5435042, at *3 (E.D. Cal. Sept. 15, 2015) (same); *Lemley v. Graham Cty.*, No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, at *5 (D. Ariz. May 16, 2014). Slate's reliance on out-of-circuit caselaw to the contrary is misplaced. *See* Dkt. 42 at 6-8.

The FAC alleges that "Slate and/or GAP, after Banamex's supervisor approved the timesheet, paid Villapando the same hourly rate for all hours worked on his timesheet, including overtime hours." Dkt. 34 ¶ 43. The FAC alleges that Plaintiff "reported the hours he worked to Slate on a regular basis," that Defendants maintained "accurate records" of those hours, and that those records reflect that Plaintiff regularly worked more than eight hours per day and 40 hours per week. *Id.* ¶¶ 47-49. The FAC alleges that, despite this knowledge of this overtime work and the obligation to pay a higher hourly rate for it, Defendants never paid Plaintiff at that rate. *Id.* ¶ 51.

It is alleged that "Defendants knew state and federal law required overtime pay to hourly workers like Villapando." *Id.* ¶ 54. The FAC alleges that "Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Villapando and all those similarly situated overtime compensation." *Id.* ¶ 72. The FAC further alleges that it is "common knowledge" that employees are entitled to overtime rates of pay, that Defendants were sophisticated employers aware of these obligations, that Defendants knew failure to pay this rate of pay was a FLSA violation, and that Defendants nevertheless failed to pay an overtime rate of pay. *Id.* ¶¶ 73-77.

Under *Rivera*, these allegations are sufficient to state a claim for willful FLSA violations that, if ultimately established, will trigger a three-year, rather than a two-year limitations period. *See* 735 F.3d at 903. The allegations are sufficient to state plausible, willful violations of the FLSA. Therefore, a three-year statute of limitations applies under 29 U.S.C. § 255(a) for willful FLSA violations for purposes of the Motion to Dismiss.

For FLSA claims, "[a] new cause of action accrues at each payday immediately following the work period for which compensation is owed." *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007). For claims under 29 U.S.C. § 255(a), a plaintiff cannot recover for pay periods beyond the three-year statute of limitations period. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1113 (9th Cir. 2006). Here, the three-year limitations period would permit claims that arose on or after June 13, 2016.

Therefore, the Motion to Dismiss is **GRANTED-IN-PART** as to any claims that arose prior to June 13, 2016.

        2.      Supplemental Jurisdiction

            a)      Legal Standards

Where there is original jurisdiction over a claim, "the district courts shall [also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

Constitution." 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). "The decision to exercise [supplemental] jurisdiction remains discretionary with the district court." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

A district court may decline to exercise supplemental jurisdiction over a claim that arises out of a common nucleus of operative facts that ground related claims over which there is federal subject matter jurisdiction. Declining to do so is appropriate if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011).

        b)        Application

Through the Motion to Dismiss, Slate argues that supplemental jurisdiction should not be exercised over the state law claims. There is original jurisdiction as to the FLSA claims, which arise under federal law. 28 U.S.C. § 1331. The claims under FLSA and the claims under California labor law share a common nucleus of operative fact. Both arise from the same factual allegations related to Plaintiff's alleged employment relationship with Slate and the alleged failures to pay overtime rates. *See* Dkt. 34 ¶¶ 20-54.

None of the factors identified by 28 U.S.C. § 1367(c) presents a sufficient basis to decline to exercise supplemental jurisdiction. The claims under California law do not present "novel or complex issues." The California claims do not predominate over the FLSA cause of action. The basis for relief is the same. Moreover, the first cause of action under FLSA is still pending. Finally, no exceptional circumstances have been shown that would warrant declining jurisdiction over the overlapping claims. Their adjudication in a single forum will save substantial judicial and party resources.

For these reasons, the factors set forth in 28 U.S.C. § 1367(c) do not support a decision to decline to exercise supplemental jurisdiction. Therefore, the Motion to Dismiss is **DENIED** as to the request to decline to exercise supplemental jurisdiction over the Second and Third Causes of Action.

        C.        Conclusion

For the reasons stated in this Order, the Motion to Dismiss is **GRANTED-IN-PART**. The Motion to Dismiss is **GRANTED** as to claims that arose more than three years before the Complaint was filed, *i.e.*, June 13, 2016, but is otherwise **DENIED**, as to all causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

**III.  Motion for Summary Judgment**

    A.    Request for Judicial Notice

Slate requests judicial notice of two documents:

> Exhibit A: Statement and Designation by Foreign Corporation filed by SunCMac, Inc. with the California Secretary of State on August 30, 2011;
>
> Exhibit B: Statement of Information of SunCMac, Inc. filed with the California Secretary of State on March 6, 2013

Dkt. 43-7 at 2.

Fed. R. Evid. 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

Exhibits A and B are matters of public record because they are documents filed with the Secretary of State of the State of California. Accordingly, judicial notice is appropriate and Slate's request for judicial notice (Dkt. 43-7) is **GRANTED**.

    B.    Factual and Procedural Background

        1.    The Parties

Robert Villapando worked for Defendants between January 2015 and December 2016. Dkt. 47-2 ¶ 3. Plaintiff worked as a consultant on issues related to "Bank Secrecy Act/Anti-Money Laundering." *Id.* ¶ 5. Defendant Slate provides staffing services in accounting, finance and information technology. Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion of Defendant Slate Professional Resources, Inc. for Summary Judgment on Plaintiff's First Amended Complaint, Dkt. 43-3 ¶ 1 ("Slate SUF").[2]

        2.    Relationship between SunCMac, Inc. and Slate

SunCMac, Inc. is a Nevada corporation. Dkt. 43-8 at 1-2. Its Chief Executive Officer is Robert Ruben Villapando. Dkt. 43-9 at 1. Slate's records reflect a contract that it entered with SunCMac, Inc. Raymond Declaration, Dkt. 43-4 ¶ 4. Slate contracted with SunCMac to provide services between January 2015 and December 2016. *Id.* Payments from Slate were made to SunCMac directly and "not to Mr. Villapando individually." *Id.* ¶ 6.

---

[2] Slate SUF ¶ 1 cites to the FAC ¶ 2 and to Exhibit C to Slate's Request for Judicial Notice. No Exhibit C to Slate's Request for Judicial Notice has been filed on the docket. *See* Dkt. 43. Nevertheless, there is no dispute as to the nature of the services provided by Slate as alleged in the second paragraph of the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

Attached to the Raymond Declaration is a 2014 W-9 form provided to Slate. Dkt. 43-4 ¶ 7. That form lists SunCMac as the name on the W-9. Dkt. 43-5 at 1. Handwritten entries on the 2014 W-9 form state "Villapando, SunC. (Robert)." *Id.* Also attached to the Raymond Declaration is a 2016 1099 form provided by Slate to SunCMac. Dkt. 43-6. That form identifies $84,210 as "nonemployee compensation" to SunCMac. *Id.*

        3.      <u>Relationship Among Plaintiff, Slate and Defendants</u>

Plaintiff performed work for Defendants between January 2015 and December 2016. Villapando Declaration, Dkt. 46-2 ¶ 3. Plaintiff was trained by employees of Defendants on how to perform his work. *Id.* ¶ 7. Plaintiff's work was performed on Banamex's premises. *Id.* ¶ 8. Plaintiff was directed to report to that worksite by Slate. *Id.* Plaintiff was instructed by Slate to work on the Banamex project and follow Banamex policies and procedures. *Id.* ¶ 9. Plaintiff was not required to have his own company to work for Slate. *Id.* ¶ 12.

During this time period, Plaintiff was required to record and report hours worked to Slate. Dkt. 46-2 ¶ 14. Plaintiff was paid for his work on hourly basis, and was required to work assigned time periods. *Id.* ¶¶ 14, 17. Defendants provided the "office space, the computers, and all other office equipment necessary to perform the job." *Id.* ¶ 19. Defendants assigned Plaintiff duties and "directed [his] work day-to-day through on-site supervisors who worked with us every day." *Id.* ¶ 18. Plaintiff "routinely worked hours far in excess of 8 per day and 40 per week." *Id.* ¶ 20. Plaintiffs' work for Defendants was his "sole job and [he] was economically dependent on Defendants throughout my employment with them." *Id.* ¶ 21.

    C.    Analysis

        1.      <u>Arguments and Evidence at Issue</u>

The sole argument presented through the MSJ is that Plaintiff is not the real party in interest with respect to any of the claims in the FAC under Fed. R. Civ. P. 17. Therefore, Defendant contends that he lacks standing to pursue those claims. Slate argues that Slate contracted with SunCMac, Plaintiff performed services only for SunCMac, and Slate only paid SunCMac. Dkt. 43-1 at 3.

In the MSJ Reply, Slate presents an alternative argument. Slate refers to SunCMac and Plaintiff collectively and contends that Plaintiff is an independent contractor and not an employee. Dkt. 49 at 5-8. In support of this new alternative argument, Slate offers new evidence through the Declaration of Debbi Frazier that describes the operations of consulting analysts for Banamex. Dkt. 49-2.

"[A]rguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Moreover, "[i]n general, a court will not consider evidence submitted for the first time in reply without giving the opposing party an opportunity to respond." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) (Morrow, J.) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

Slate based the MSJ on Fed. R. Civ. P. 17. As noted, it relied on the claimed contractual relationships among Defendants, SunCMac and Plaintiff. Plaintiff was on notice only of the need to respond to that argument and the evidence presented to support it. *See* Dkt. 47. Plaintiff did not have an opportunity to respond to the new evidence presented in the MSJ Reply. Dkt. 49-2. Therefore, the Frazer Declaration will not be considered in addressing the MSJ. It is **STRICKEN**.

    2.    <u>Legal Standards</u>

A motion for summary judgment will be granted where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a), (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden to show the basis for its motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322. Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Where the nonmoving party will have the burden of proof on an issue, however, the movant need only demonstrate that there is an absence of evidence to support the claims of the nonmoving party. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at 324).

Only admissible evidence may be considered in connection with a motion for summary judgment. Fed. R. Civ. P. 56(c). In considering such a motion, a court is not to make any credibility determinations or weigh conflicting evidence. All inferences are to be drawn in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). However, conclusory, speculative testimony in declarations or other evidentiary materials is insufficient to raise genuine issues of fact and defeat summary judgment. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

    3.    <u>Real Party in Interest</u>

        a)    <u>Legal Standards</u>

Under Fed. R. Civ. P. 17(a), "[a]n action must be prosecuted in the name of the real party in interest." "Fed. R. Civ. P. 17(a) does not itself define real party in interest. Instead, it allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). *U-Haul* addressed an action brought by one corporate entity for damages allegedly suffered by itself and other related corporate entities. *Id.*

"The modern function of the rule . . . is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *U-Haul*, 793 F.2d at 1039 (quoting Note of Advisory Committee on 1966 Amendment to Fed. R. Civ. P. 17). "[U]nder Rule 17(a), the federal courts are concerned only with *that portion of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

state law from which the specific right being sued upon stems." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004) (quoting *K–B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir.1985)) (emphasis in original). "As used in Rule 17(a), the real-party-in-interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether plaintiff has a significant interest in the particular action plaintiff has instituted, and Rule 17(a) is limited to plaintiffs." May Kay Kane, 6A *Federal Practice and Procedure* § 1542 (3d ed.).

        b)        Application

Slate maintains that SunCMac -- not Plaintiff -- is the real party in interest. Dkt. 43-1 at 7. The inquiry under Rule 17(a) focuses on who has the right that was allegedly impaired by the defendant. *U-Haul*, 793 F.2d at 1038). Therefore, the inquiry here focuses on the substantive rights that arose under the FLSA and the California Labor Code.

Under 29 U.S.C. §§ 206(a), 207(a)(1), "employees" possess the substantive right to minimum wage and overtime pay. Under Cal. Lab. Code §§ 201, 202, 203 and 510, "employees" have the substantive rights related to overtime pay and payment of wages, including upon the termination of employment. The FAC is brought by Plaintiff, not SunCMac. As noted the claims advanced are for alleged violations of the federal and state statutes. Their basis includes that Plaintiff was an employee of Slate. Dkt. 34 ¶¶ 7, 12-19, 40, 70-87. Both FLSA and the California Labor Code identify individuals -- not corporate entities -- as the party with standing. *See* 29 U.S.C. § 203(e)(1); Cal Lab. Code § 1171. Plaintiff provided evidence that he worked as a Bank Secrecy Act / Anti-Money Laundering consultant for Slate from approximately January 2015 to December 2016. Dkt. 47-2 ¶ 3. This evidence also included the statement that Plaintiff was directed to report to Banamex's premises by Slate, that Plaintiff was instructed to follow Banamex's policies and procedures, that Plaintiff was paid an hourly rate, and that Plaintiff recorded and reported his hours to Slate. *Id.* ¶¶ 8, 9, 14 15.[3]

Rule 17(a) focuses on whether the plaintiff is the proper party to advance the claims. Its purpose is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *U-Haul*, 793 F.2d at 1039 (quoting Note of Advisory Committee on 1966 Amendment to Fed. R. Civ. P. 17). There is no showing here that SunCMac could or would commence an action to seek to recover on claims available to individual employees. Plaintiff has presented evidence that supports his contention that he performed work for Slate and that it was billed for them at Plaintiff's hourly rate. The argument that Plaintiff is not an employee of Slate does not go to whether Plaintiff's interests are at stake. Such an argument instead goes to the merits of Plaintiff's claims and is not presented properly under Rule 17(a).

Therefore, the MSJ is **DENIED** as to its request for relief on the grounds that Plaintiff is not the real party in interest for the claims alleged by the FAC.

        4.        <u>Employee Status</u>

---

[3] Slate has filed evidentiary objections to the Declaration of Robert Villapando (Dkt. 49-3), but none of the statements presented in this paragraph requires the resolution of those objections. Therefore, those objections are **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

Slate next contends that the relationship among Slate, SunCMac and Plaintiff precludes any assertion of Plaintiff's claims as an employee of Slate.

    a)  FLSA Cause of Action

    (1)  <u>Legal Standards</u>

FLSA requires "employers" to pay their "employees" a minimum wage and an overtime pay for hours worked in excess of a statutory workweek. 29 U.S.C. §§ 206(a), 207(a)(1); *see also Dawson v. Nat'l Collegiate Athletic Ass'n*, 932 F.3d 905, 908 (9th Cir. 2019). FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Under FLSA, "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g). *See also Dawson*, 932 F.3d at 908. FLSA is "consistently construed" to "liberally apply to the furthest reaches consistent with congressional direction." *Tony & Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (quoting *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 211 (1959)). The statutory definition of employee is "exceedingly broad," but "it does have its limits." *Id.* at 295(1985).

The "test of employment under the FLSA is one of 'economic reality.'" *Dawson*, 932 F.3d at 909 (alteration adopted) (quoting *Alamo Foundation*, 471 U.S. at 301); *see also Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). "A four-part economic reality test look[s] to the totality of the circumstances when determining whether individuals are employees under the FLSA." *Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1145 (9th Cir. 2017). The four factors that apply in assessing the totality of the circumstances include whether the alleged employer (i) "has the power to hire and fire the employees," (ii) "supervises and controls employee work schedules or conditions of employment," (iii) "determines the rate and method of payment," and (iv) "maintains employment records." *Id.* (quoting *Hale v. State of Ariz.*, 993 F.2d 1287, 1394 (9th Cir. 1993) (en banc), *abrogated on other grounds*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)).

Other circuits rely on the economic realities test set forth by *Alamo Foundation*: "It is well settled that the economic realities of an individual's working relationship with the employer -- not necessarily the label or structure overlaying the relationship -- determine whether the individual is an employee under the FLSA." *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1159 (10th Cir. 2018) (citing *Alamo Foundation*, 471 U.S. at 301); *see also id.* (citing cases from the Fifth, Seventh, Tenth, and Eleventh Circuits).

In *Jani-King*, the Tenth Circuit addressed facts similar to those presented here. 905 F.3d at 1158. A company that provided janitorial services engaged individuals to perform the work. *Id.* The company also engaged "small corporate entities which are allegedly composed predominantly or entirely of single individuals or pairs of related individuals to perform janitorial work on its behalf through franchise agreements." *Id.* Later, the company began requiring individuals to form corporate entities to continue or begin engagement with the company. *Id.* The individuals sued under FLSA and claimed they were the employees notwithstanding the existence of the corporate entities. The district court granted a motion to dismiss and concluded that the complaint had failed to address the corporate forms created by the plaintiffs. *Id.* at 1158. The Tenth Circuit reversed. *Jani-King* expressly rejected the contention that the FLSA employer-employee inquiry is "limited to the contractual terminology between the parties or the way they choose to describe the working relationship." *Id.* at 1159-60. That individuals engaged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

in services for which they claim FLSA protections have formed corporations for their services with a putative employer "does not end the inquiry." *Id.* at 1160. Instead, the economic realities test controls.

Contractual language indicating a certain type of relationship -- *e.g.*, independent contractor or employee -- can be persuasive but it is "not dispositive." *See Poland v. United States Attorney General*, No. CV-10-02878 MMM, 2012 WL 13001837, at *6 (C.D. Cal. July 30, 2012) (Morrow, J.) (citing *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1293 (9th Cir. 1999)).[4]

(2)     Application

Under FLSA, the contractual labels of a putative employment relationship or a three-level relationship among a putative employer, an intermediary and a putative employee do not resolve the determination of an employer-employee relationship. *See Benjamin*, 877 F.3d at 1145; *Poland*, 2012 WL 13001837, at *6. Instead, the totality of the circumstances of the relationship and its economic reality control. *See Benjamin*, 877 F.3d at 1145. Plaintiff bears the burden of establishing that he was employee. He has presented some evidence to support that position. *See* Dkt. 47-2 ¶¶ 3, 8, 9, 14 15. This evidence supports Plaintiff contentions that he was hired by Slate, Plaintiff supervised and paid by Slate, and Slate maintained employment records for Plaintiff. *Id.*

That Slate paid SunCMac instead of Plaintiff does not end the inquiry as to employee status. It is also not sufficient to support the conclusion that Slate is "entitled to a judgment as a matter of law" as to Plaintiff's claims under FLSA. Although Plaintiff bears the burden of establishing employee status, Plaintiff has met its burden to set forth specific facts to the contrary to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a), (c); *see also Celotex*, 477 U.S. at 322.

b)     California Wage Order Claims

(1)     Legal Standard

"[D]etermining whether workers should be classified as employees or as independent contractors *for purposes of California wage orders*" is governed by the "ABC Test" of *Dynamex Operations West v. Superior Court*, 4 Cal. 5th 903, 913, 957-58 (emphasis in original). The ABC Test places the burden on the hiring entity to establish that the worker at issue is an independent contractor not intended to be covered by a wage order. *Id.* at 957. This burden is met where "*each* of the three factors embodied in the ABC test" are established:

(A)     [T]hat the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact;
(B)     [T]hat the worker performs work that is outside the usual course of the hiring entity's business; and

---

[4] *Poland* addressed the employer-employee relationship under the Age Discrimination in Employment Act, but noted that cases construing Title VII, FLSA, and ADEA are all persuasive because "the definition of 'employee' in the three Acts is virtually identical." 2012 WL 13001837, at *6 n.62 (quoting *Hale*, 967 F.3d 1356, 1363 (9th Cir. 1992), *rehearing en banc* 993 F.2d 1387 (1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

  (C) [T]hat the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

4 Cal. 5th at 957 (emphasis in original).

*Dynamex* explains that "the usual steps to establish and promote his or her independent business" can support a finding as to the third element of the ABC Test. 4 Cal. 5th at 962. These steps include "incorporation, licensure, advertisements, routine offerings to provide the services of the independent business to the public or to a number of potential customers, and the like." *Id.* The existence of a corporate form for an individual's services therefore informs the third element of the ABC Test. However, because a hiring entity must establish all three elements -- A, B and C -- the corporate form of a putative employee is not dispositive.

Whether *Dynamex* applies retroactively is undecided. The Ninth Circuit recently certified that question to the California Supreme Court. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045, 1046 (9th Cir. 2019). *Vazquez* presented facts similar to those presented here. Workers for franchisees brought an action against the franchisor for alleged misclassification as independent contractors instead of employees and wage-and-hour claims under California law. *See id.* at 1047. Although *Vazquez* certified the question of the retroactivity to the California Supreme Court, the absence of a contract between the worker and a hiring entity -- due to a contractual intermediary -- was not dispositive of whether there was misclassification. The potential argument that there was not a "real party in interest" was never mentioned. *See id.*

  (2) <u>Application</u>

The FAC alleges violations of Cal. Lab. Code § 510 and "the provisions of the applicable I.W.C. Wage Order." Dkt. 34 ¶¶ 79-82. Section 510(a) requires an overtime rate of pay of "no less than one and one-half times the regular rate of pay for an employee" for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek."

Under the *Dynamex* ABC Test, workers are presumed employees unless a putative employer can establish the three ABC elements. *See* 4 Cal. 5th at 957-58. Although in considering the third element the corporate form and independence of the worker may be considered, *id.* at 962, the existence of a corporate form does not per se establish the third element. Thus, it does require a determination that the person is not an employee. Slate bears the burden to overcome the presumption of employee status under the ABC Test. Therefore, the undisputed fact that Slate paid SunCMac instead of Plaintiff does not entitle Slate "to a judgment as a matter of law" as to Plaintiff's claims under Section 510 and the related wage order, because Slate fails to meet its burden. *See* Fed. R. Civ. P. 56(a), (c); *see also Celotex*, 477 U.S. at 322.

  c) Non-Wage Order Claims

    (1) <u>Legal Standards</u>

Case 2:19-cv-05149-JAK-AFM   Document 70   Filed 04/21/20   Page 14 of 16   Page ID #:486

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | | Date | April 21, 2020 |
|---|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | | |

*Dynamex* only applied the ABC Test to California wage-order claims. 4 Cal. 5th at 913; *see also O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2019 WL 1437101, at *10 (N.D. Cal. Mar. 29, 2019). Under California law for claims not based on wage orders, "the common law test for determining whether a worker is an employee or an independent contractor" remains the "seminal California decision" of *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989). *See California Trucking Ass'n v. Su*, 903 F.3d 953, 958 (9th Cir. 2018) (quoting *Dynamex*, 4 Cal. 5th at 915). "The principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *Id.* (quoting *Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 531 (2014)). "Perhaps the strongest evidence of the right to control is whether the hirer can discharge the worker without cause . . . ." *Id.* (quoting *Ayala*, 59 Cal. 4th at 531). Other "secondary indicia" inform the classification of workers as employees or independent contractors:

> (a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

*Su*, 903 F.3d at 958-59 (quoting *Borello,* 48 Cal. 3d at 351).

"While an affirmative agreement to classify a particular worker one way or another may be considered, it 'is not dispositive, and subterfuges are not countenanced.'" *Su*, 903 F.3d at 959 (quoting *Borello*, 48 Cal. 3d at 349). Moreover, this common-law test "is applied with an eye towards the purpose of the remedial statute being enforced" and therefore "calls for the application of a *statutory purpose* standard that considers the control of details and other potentially relevant factors identified in prior California and out-of-state cases in order to determine which classification . . . best effectuates the underlying legislative intent and objective of the statutory scheme at issue." *Id.* (emphasis in original) (quoting *Dynamex*, 4 Cal. 5th at 931-32).

(2)     Application

The FAC also alleges violations of Cal. Lab. Code §§ 201, 202 and 203. Dkt. 34 ¶¶ 83-87. The FAC does not allege any corresponding violation of any I.W.C. Wage Orders. *See id.* Cal. Lab. Code § 201 requires immediate payment of "wages earned and unpaid at the time of discharge." Section 202 requires payment of wages upon resignation. Section 203 provides for the remedy against willful failure to pay wages under, among others, Sections 201 and 202. Cal. Lab. Code § 203(a).

Under *Borello*, a multi-factor test is applied to assess whether there is an employer-employee relationship. *See* 48 Cal. 3d at 351. Plaintiff bears the burden of establishing employee status and has offered some evidence to support his position. *See* Dkt. 47-2 ¶¶ 3, 8, 9, 14 15. Once again, the mere existence of a corporate form as to a putative employee does not mandate the outcome of the *Borello* Therefore, that Slate paid SunCMac for the services of Plaintiff does not entitle Slate "to a judgment as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

a matter of law" as to Plaintiff's claims under Cal. Lab. Code §§ 201, 202 and 203, notwithstanding that Plaintiff bears the burden of establishing employee status. Thus, Plaintiff has met his burden to set forth specific facts that reflect that there is a genuine dispute of material fact on this question. *See* Fed. R. Civ. P. 56(a), (c); *see also Celotex*, 477 U.S. at 322. Therefore, Defendant's arguments fail under either *Dynamex* or *Borello*.

      D.      Sua Sponte Summary Judgment for Non-Movant

Plaintiff requests sua sponte partial summary judgment on Plaintiff's status as an employee. Dkt. 47 at 11-12.

           1.      <u>Legal Standards</u>

"[T]he overwhelming weight of authority supports the conclusion that if one party moves for summary judgment and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982). Fed. R. Civ. P. 56(f)(1) permits a court to grant summary judgment to a non-movant. "Nonetheless, whenever the court believes that the nonmoving party is entitled to judgment, great care must be exercised to ensure that the original movant has had an adequate opportunity to show that a genuine factual dispute remains and that the opponent is not entitled to judgment as a matter of law." Mary Kay Kane, 6A *Federal Practice and Procedure* § 2720.1 (4th ed.). Such an entry of summary judgment for the non-movant is appropriate "if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'" *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Cool Fuel*, 685 F.2d at 312).

           2.      <u>Application</u>

Based on Fed. R. Civ. P. 17(a), in support of the MSJ, Slate argued that Plaintiff was not the real party in interest as to the claims advanced by the FAC. As noted, the basis for this position is that SunCMac's intermediary position precluded any relationship between Plaintiff and Slate. The appropriate tests for determining whether Plaintiff is an employee or an independent contractor for purposes of the claims advanced by the FAC were raised only in Plaintiff's opposition. *See* Dkt. 47 at 2-3 (identifying the federal economic reality test and the California test). Therefore, Defendant's only opportunity to address them was through the MSJ Reply. However, for the reasons stated above, this was not an appropriate means to present evidence for the first time.

For the same reasons, a sua sponte ruling of partial summary judgment in favor of Plaintiff is inappropriate. Plaintiff could have brought a motion or cross-motion for summary judgment, but did not do so. Therefore, Plaintiff's request for sua sponte partial summary judgment on the issue of employment status is **DENIED**; provided, however, this is without prejudice to the filing of such a motion by Plaintiff later in this action.

      E.      Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-05149 JAK (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Robert Villapando v. Banamex USA Bancorp, et al. | | |

The MSJ is **DENIED** and Plaintiff's request for sua sponte partial summary judgment is **DENIED**.

### IV. Conclusion

For the reasons stated in this Order, the Motion to Dismiss is **GRANTED-IN-PART**:

- **DENIED** as to dismissing claims arising within a three-year limitations period
- **DENIED** as to declining to exercise supplemental jurisdiction
- **GRANTED** as to dismissing claims beyond a three-year limitations period

The MSJ is **DENIED** and Plaintiff's Request for sua sponte partial summary judgment is **DENIED**.

**IT IS SO ORDERED.**

                                                  :

Initials of Preparer   cw